UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMARI J. MOODY,<br><br>       Plaintiff,<br><br>  -against-<br><br>NELNET, INC.,<br><br>       Defendant. | 26-CV-0012 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is a resident of Dacula, Georgia, brings this *pro se* action under the Higher Education Act and, possibly, state law, alleging that Defendant Nelnet, Inc. violated his rights with respect to its servicing of his student loans. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of Georgia.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendant violated his rights with respect to its servicing of his student loans. He does not plead the residence of Defendant. Plaintiff asserts that venue is proper in this District because Defendant "transacts business nationally, including within this District" and the challenged actions "are administered through federally regulated servicing systems whose effects are felt in this District and are subject to federal oversight within this Circuit." (ECF 1, at 2.) Despite Plaintiff's assertion, he alleges no facts suggesting that Defendant resides in this District, that any of the events giving rise to his claims occurred in this District, or that Defendant would be subject to the Court's personal jurisdiction with respect to this action. Because Plaintiff does not allege that Defendant resides in this District or that the alleged events occurred in this District, from the face of the complaint, it is clear that venue is not proper in this District under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The facts alleged in the complaint suggest that the harm experienced by Plaintiff that gives rise to his claims occurred at his residence in Dacula, Gwinnett County, Georgia, which falls within the Northern District of Georgia. *See* 28 U.S.C. § 90(a). Accordingly, venue lies in the Northern District of Georgia, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of Georgia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A decision on Plaintiff's request for preliminary injunctive relief is also reserved to the transferee court. A

summons shall not issue from this court. This order closes this case in this court.

Because Plaintiff seeks emergency injunctive relief, the Court further directs the Clerk of Court to transfer this action to the District Court for the Northern District of Georgia immediately upon entry of this order; the Court waives the seven-day waiting period contained in Local Civil Rule 83.1.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 8, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge